UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 29, 2013

LETTER TO COUNSEL:

    RE:    *Johnny C. Judy v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-1066

Dear Counsel:

On April 6, 2012, the Plaintiff, Johnny C. Judy, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Judy filed his claim on September 15, 2009, which also became his amended onset date. (Tr. 107-10, 122). His claim was denied initially on July 1, 2010, and on reconsideration on November 7, 2010. (Tr. 60-63, 68-69). A hearing was held on July 27, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 24-55). Following the hearing, on August 26, 2011, the ALJ determined that Mr. Judy was not disabled during the relevant time frame. (Tr. 5-23). The Appeals Council denied Mr. Judy's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Judy suffered from the severe impairments of "lumbar degenerative disc disease, right knee degenerative joint disease, morbid obesity, asthma, mood disorder [not otherwise specified ("nos")], learning disorder nos, anxiety disorder nos and personality disorder." (Tr. 10). Despite these impairments, the ALJ determined that Mr. Judy retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except he requires the option to change positions every 30 minutes at the workstation. He is limited to occasional stooping, twisting, crouching, kneeling, crawling, balancing and climbing stairs and ramps. He is unable to climb ladders, ropes[] or scaffolds, and must avoid hazards such as unprotected heights, vibration and dangerous machinery. His work environment must be reasonably free from dust, fumes,

*Johnny C. Judy v. Commissioner, Social Security Administration*
Civil No. SAG-12-1066
March 29, 2013
Page 2

> gases, odors and extremes of temperature and humidity. In addition, he can understand, remember and carry out simple instructions and perform simple, routine tasks. He requires a low stress environment, defined as no changes in work setting, with only occasional required interaction with the general public. He may have occasional interaction with coworkers.

(Tr. 12). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Judy could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 18-19).

Mr. Judy presents three arguments on appeal: (1) that the ALJ erred in evaluating the medical opinion evidence; (2) that the ALJ erroneously disregarded evidence that Mr. Judy required a job coach; and (3) that the ALJ failed to consider Mr. Judy's hypothyroid condition in combination with his obesity. Each argument lacks merit.

First, Mr. Judy contests the evaluation of three pieces of medical evidence: the opinions of Drs. Shaull, Zamani, and Jassi. Pl. Mot. 5. As the Commissioner concedes, the ALJ appears to have erred in stating (1) that Dr. Shaull completed her evaluation on the first day she saw Mr. Judy; and (2) that Dr. Shaull saw Mr. Judy twice. Def. Mot. 10-11. In fact, the record reflects that Dr. Shaull evaluated Mr. Judy only once, on April 21, 2010, and then filled out her opinion form on January 10, 2011.[1] (Tr. 280-82, 320-33). The ALJ's misstatements are immaterial, however. The ALJ's point, that Dr. Shaull did not have the kind of longitudinal relationship with Mr. Judy to establish extensive knowledge of his condition, remains valid. The ALJ noted that the treatment notes from Dr. Shaull's single examination of Mr. Judy do not corroborate the "extreme limitations" set forth in her opinion. (Tr. 17). The ALJ therefore appropriately assigned "little weight" to Dr. Shaull's opinion.

With respect to Dr. Zamani, Mr. Judy cryptically asserts that the ALJ "erred in attributing findings to Dr. Zamani that simply don't exist." Pl. Mot. 5. Mr. Judy provides no further explanation for that contention. A careful comparison of the ALJ's summary of Dr. Zamani's findings, (Tr. 14), and Dr. Zamani's report, (Tr. 233-34), reveals no meaningful inconsistency.

Mr. Judy correctly notes that the ALJ did not expressly address the evaluation of Dr. Jassi. First, because Dr. Jassi examined Mr. Judy on December 18, 2008 (Tr. 214), the evaluation was not relevant to Mr. Judy's condition after his amended onset date of September 15, 2009. The ALJ therefore was not required to discuss the evidence. Even if error had occurred, it would be harmless, because nothing in Dr. Jassi's evaluation was inconsistent with the RFC determined by the ALJ. (Tr. 214-16). Specifically, Dr. Jassi noted that Mr. Judy was using a cane although he appeared to be able to bear weight with a normal gait, that he had no

---

[1] The record contains laboratory reports from tests that appear to have been ordered by Dr. Shaull in January, 2011, around the time of Dr. Shaull's opinion form. (Tr. 324-27). However, there are no treatment notes evidencing an examination during that month.

limitation in the use of his hands, arms, and fingers, that he was able to get on and off the examining table without help, and that he "had trouble with prolonged standing, walking, lifting given his allegations of back pain." *Id.* The limitations noted by Dr. Jassi were addressed by the sit/stand option and the sedentary work requirement in the RFC.

Second, Mr. Judy contends that the ALJ had to accept the recommendation, from the Maryland Division of Rehabilitative Services ("DORS"), that he required a job coach to perform work. As the ALJ noted, DORS's report simply said that Mr. Judy "may need a job coach," just as it said he may need other services such as a functional assessment, a training program, or an extended training period. (Tr. 212). DORS's report did not indicate that Mr. Judy would require a job coach for even simple, routine, low stress work. *Id.* Moreover, the ALJ gave "significant weight" to the opinion of consultative examiner Dr. Taller, who noted that Mr. Judy "is able to understand and to follow simple instructions independently." (Tr. 230). The ALJ also cited to the DDS evaluations as evidence that did not "support a finding that a job coach would be required in order for claimant to perform simple tasks within the above residual functional capacity." (Tr. 16). The ALJ's assessment was therefore supported by substantial evidence.

Third, Mr. Judy argues that the ALJ failed to consider the combined effects of his hypothyroid and his obesity. While Mr. Judy notes a "synergistic relationship" between the two medical conditions, Pl. Mot. 6, he does not explain how the combined conditions have any impact on his functional abilities, other than the significant limitations already contained within the ALJ's RFC. I find no evidence in the medical record suggesting that Mr. Judy's hypothyroid causes any specific functional limitation. Moreover, the ALJ expressly described the relationship between obesity and other medical conditions, and stated that "these considerations have been taken into account in reaching the conclusions" in the opinion. (Tr. 11). Without evidence of any deficiency in the RFC, remand is unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge